# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RAYMOND DEMOULIN

VERSUS

CAPTAIN SHANE LADNER

CIVIL ACTION

NO. 16-CV-609-JWD-RLB

## RULING AND ORDER ON PLAINTIFF'S MOTION IN LIMINE TO SUPPRESS TESTIMONY AND EVIDENCE

Before the Court is the *Motion in Limine to Suppress Testimony and Evidence* filed by plaintiff Raymond Demoulin ("Plaintiff" or "Demoulin"). (Doc. 50.) It is opposed by defendant Shane Ladner ("Defendant" or "Ladner"). (Doc. 59.) For the following reasons, the motion is granted in part and denied in part.

On January 20, 2016, Plaintiff was an inmate at Elayn Hunt Correctional Center ("EHCC") located in the Middle District of Louisiana. Plaintiff claims that Defendant applied excessive and unnecessary force in violation of his constitutional rights, resulting in serious injuries. Defendant denies the claim and contends that any force used was necessary and justified. Defendant also denies Plaintiff suffered any serious injuries in the incident.

At issue[1] in this motion in limine is:

1) Medical and Mental Health Records of Plaintiff from 10/01/2015 to 1/19/2016;[2]

2) Warden's Unusual Occurrence Reports from January 20, 2016;

3) Complete Medical and Mental Health Records of Shane Ladner;

4) Disciplinary Reports for 1/20/2016 (Defendant's Exhibit 2).

---

[1] Defendants have agreed to withdraw Defense Exhibit 6 (the audio recording of the Disciplinary Board hearing dated January 22, 2016), Defense Exhibit 5 (the certification of that audio) and the testimony of Dr. Chad Aultman. Therefore, that portion of the original motion which included these items is denied as moot.

[2] Plaintiff lists this exhibit as "Joint Ex 1" in his motion (Doc. 50) and Defendant's Ex. 2 in his memorandum (Doc. 50-2 at 1).

### *Medical and Mental Health Records from 10/01/15 to 1/19/16*

Plaintiff argues that "[t]he medicals that predate this incident are not relevant to this claim and should be excluded", including "evidence that any other person, whether it be an inmate or corrections office (sic), caused the injuries of which he complained after the incident at hand." (Doc. 50-2 at 2.) Defendant argues that evidence of "previous injuries sustained by the plaintiff to the same areas where he is complaining that were injured in his Complaint" is relevant to the question of what injuries, if any, were caused by Defendant and the amount which properly should be awarded, if any, for those injuries. (Doc. 59 at 2.)

The Court agrees with Defendant. Evidence of previous or subsequent injuries or conditions in the area where he claims he was injured by Defendant is relevant to the question of damages. However, records not associated with such injuries or conditions will not be admitted into evidence.

### *Warden's Unusual Occurrence Reports*

Plaintiff contends that these UORs are hearsay and should be precluded from evidence. (Doc. 50-2 at 2 (citing *Mack v. Benjamin*, No. 13-522, 2015 WL 7313869, at *2-3 (M.D. La. Nov. 20, 2015) (deGravelles, J.)).) Defendant responds that the documents are not being offered "for the statements therein, but instead to prove that the policies of Elayn Hunt correctional Center were followed by the officers." (Doc. 59 at 3.)

Here, the Court agrees with Plaintiff. Defendant has not attempted to explain how the UORs prove that the officers complied with prison policies, what policies Defendant contends that these documents prove were followed, how following these policies is relevant to an issue in the case or how the truth of the contents of the UORs would not be necessary in making any of these points. This portion of Plaintiff's motion is granted.

*Medical Records of Defendant Shane Ladner*

Plaintiff argues that these medical records should be excluded because they were not produced timely. (Doc. 50-2 at 3-4.) Defendant responds that "[t]hese documents were listed in the 26(a) Initial Disclosures" (Doc. 59 at 3) and Plaintiff never requested these documents.

Neither side explains why Defendant's medical records are relevant to any issue in the case. Neither side attaches copies of the records for the Court's review. This item is deferred until trial. Defendant will not attempt to introduce these records unless and until its relevance is made known to the Court out of the presence of the jury and the Court has an opportunity to rule upon same.

*Conclusion*

Accordingly, **IT IS ORDERED** that Plaintiff's *Motion in Limine to Suppress Testimony and Evidence* (Doc. 50) is **GRANTED IN PART** and **DENIED IN PART**, as detailed above.

Signed in Baton Rouge, Louisiana, on July 29, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**